THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO SOTO QUINTANA, Defendant and Appellant.

No. CR-65-146.    Decided January 21, 1966.

*Santos P. Amadeo* and *Eduardo Cuchí Coll* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

### JUDGMENT

San Juan, Puerto Rico, January 21, 1966

Carmelo Soto Quintana was accused and convicted by a jury of the offense of rape. On August 24, 1964 he was sentenced to two years imprisonment in the penitentiary by the Superior Court, Mayagüez Part.

On appeal he assigns that he was denied legal counsel during the investigation by the prosecuting attorney. The record shows that the prosecuting attorney offered as rebuttal evidence a statement of appellant admitting that he had sexual intercourse with the 16-year-old prosecutrix but indicating that it was at her invitation and with her consent. Said testimony was admitted without objection inasmuch as the theory of the defense consisted precisely in that appellant had sexual relations with the prosecutrix with her con-

sent and, furthermore, under a paranoid schizophrenic reaction which rendered him unable to realize the consequences of his acts. The defense introduced expert testimony to support the alleged mental disability of appellant. The prosecuting attorney introduced the statement and after it was admitted, a medical expert testified that the answers contained therein were those of a completely normal person.

The statement in question shows that the prosecuting attorney warned appellant of his right to remain silent and of his right "to have an attorney present, at this moment, while the statement is being made, of his right to legal counsel. . . ." He was asked if he waived his right to legal counsel at that moment to which appellant replied that "I wish I could speak to Mr. Felipe Marchand." It does not appear from the statement whether said attorney was asked to assist appellant while he testified or any other fact which would tend to justify continuing said statement in the absence of an attorney.

Inasmuch as the statement was to the effect that appellant had had intercourse with the prosecutrix at her invitation and with her consent, which constituted the ground for his defense, the admission of said statement did not prejudice him even though it was the basis for the expert medical testimony of the prosecutor. The statement in question was not presented as a confession because it obviously did not constitute one. It only served as a basis to challenge the evidence of insanity adduced by appellant. It was admissible for such purposes. *Walder* v. *United States*, 347 U.S. 62 (1954); *United States* v. *Curry*, 34 U.S. L. Week 2346 (decided December 2, 1965—2d Cir.). Therefore, the doctrine we established in *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965), is not applicable.

By virtue thereof the judgment entered in this case by the Superior Court, Mayagüez Part, on August 24, 1964 is hereby affirmed.

It was so decreed and ordered by this Court as witnesses the signature of the Chief Justice who, together with Mr. Justice Hernández Matos, did not participate.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Acting Secretary*